UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MANUEL MARADIAGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| CHAMPAIGN CHRYSLER DODGE JEEP RAM, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MANUEL MARADIAGA (hereinafter "Plaintiff" or "Maradiaga") and files his Complaint against Defendant, CHAMPAIGN CHRYSLER DODGE JEEP RAM, (hereinafter "Defendant" or "CCDJR") and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("IRHA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, and retaliation against Plaintiff because of his race and marital status, leading to his unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising

1

under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Maradiaga, is a citizen of the United States, and was at all times relevant, a citizen of the State of Illinois.

6. Defendant, CCDJR, is a For Profit Corporation and does business in this Judicial District at 1906 Moreland Blvd. Champaign, Illinois 61822.

7. Defendant is an employer as defined by the laws under which this action is brought.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On October 22, 2019, Plaintiff dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Relations ("IDHR"), against CCDJR, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on race discrimination, marital status discrimination, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On February 1, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.

12. This complaint was filed within ninety days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Hispanic male.

14. Plaintiff was hired by Defendant on or about April 1, 2017 as a Service Manager.

15. When Plaintiff first started working for Defendant, Defendant refused to use Plaintiff's name for his company e-mail address.

16. All the other managers working for Defendant as well as the service advisors whom Plaintiff managed had their names used for their company e-mail addresses.

17. Plaintiff asked Dale Hendershot, Defendant's General Manager, why this was the case, to which Mr. Hendershot responded that Plaintiff did not "fit the image" of the dealership.

18. Plaintiff reported this to Bruno Taylor, Defendant's Operations Manager, and Hank Doig, Defendant's District Manager, but remedial action was not taken.

19. In February 2019, Plaintiff was going through a divorce and informed Defendant of the same.

20. Less than two months later, Mr. Hendershot terminated Plaintiff because the supervisor "could not have a manager that is going through a divorce."

21. Plaintiff has been damaged by Defendant's illegal conduct.

22. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Race Discrimination in Violation of Title VII**

23. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

24. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of Title VII.

25. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of his race.

26. Defendant is prohibited under Title VII from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions,

and privileges of employment.

27. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on his race.

28. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities as a result of Defendant's unlawful employment practices.

29. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

30. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count II: Retaliation in Violation of Title VII

31. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22, above.

32. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

33. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

34. Defendant's conduct violated Title VII.

35. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

36. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

37. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count III: Race Based Discrimination in Violation of the IHRA

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

39. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

40. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

41. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's race.

42. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

44. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the IHRA

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

46. Plaintiff engaged in protected activity under the IHRA while employed by Defendant.

47. At all times relevant to this action Plaintiff was in a protected category under the IHRA because of Plaintiff's race.

48. Defendant's conduct violates the IHRA.

49. Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

### Count V: Marital Status Discrimination in Violation of the IHRA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-22 above.

53. At all times relevant to this action, Plaintiff was in a protected category under the IHRA because of Plaintiff's marital status.

54. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of Plaintiff's marital status with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on Plaintiff's marital status.

56. Defendant intentionally discriminated against Plaintiff on the basis of Plaintiff's race.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted,

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*